IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PARIS DIVISION

| | | |
|---|---|---|
| JENEVA FRAZAR, *et. al.*, | § | |
| plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:93CV65 |
| RICHARD LADD, *et.al.*, | § | |
| defendants | § | |

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OR, IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, Richard Ladd, David Smith, Deann Friedholm, Bridget Cook, Susan Penfield, M.D. and Beverly Koops, M.D. ("Defendants") ,and file this, their reply to Plaintiffs' response to Motion to Dismiss and would respectfully show the Court as follows:

*Introduction*

Plaintiffs allege violation of 42 U.S.C. § 1983 asserting that Defendants' policies and procedures deprived Plaintiffs of rights secured by 42 U.S.C. §§ 1396a(a)(43); 1396d(r)-- federal laws describing duties pertaining to the Medicaid program's Early and Periodic Screening Diagnosis and Testing (EPSDT) services. After a careful review of the law, it is apparent that the rights Plaintiffs allege to possess, the rights they further allege that Defendants have deprived, are not expressed in, or secured by federal laws or regulations. Absent any federal laws which secure underlying rights, there can be no 42 U.S.C § 1983 violation. *Baker v. McCollan*, 443 U.S. 137 (1979).

*The Duties Imposed on Defendants by Federal laws and Regulations*

It is axiomatic that the rights and duties of the parties in this action are imposed only where federal laws an regulations are unambiguous and stated with a clear voice. These underlying rights and duties cannot be implied or presumed. *Pennhurst State School v. Halderman*, 451 U.S. 1, 17 (1981). Moreover, these duties are only imposed where the Constitutionally mandated procedural requirements governing the promulgation of federal laws and regulations have been satisfied. *Pennhurst*; 5 U.S.C. § 551 *et.seq.*

*No Genuine Issue as to any Material Fact*

Plaintiffs attempt to defeat Defendants' Motion by asserting numerous factual disputes over the *quality* of the state's EPSDT plan through the use of opinions, anecdotal stories and random affidavits. However, attempting to create factual disputes about whether Defendants *comply* with the duties Plaintiffs allege misses the point. The threshold question of law presented in Defendants' Motion to Dismiss or, in the alternative Motion for Summary Judgment, is *whether the federal laws and regulations underlying Plaintiffs' § 1983 action actually impose the duties Plaintiffs' allege*. If the federal laws and regulations do not impose the duties alleged, then factual controversy over violation of or compliance with *non-existent duties* is pointless.

There is no genuine issue as to any material fact that the duties alleged *are not* imposed by the unambiguous and clearly stated federal laws and regulations. Defendants are entitled to summary judgment on the issue as a matter of law. *Baker v. McCollan*, 443 U.S. 137, [99 S.Ct. 2689, 61 L.Ed.2d 433] (1979).

### *Recurring Problem*

The fundamental flaw in Plaintiffs' case stems from the fact that the rights they allege to possess, and further allege that Defendants have deprived, are not codified in federal laws or regulations. Instead of clearly stating and then relying on the relevant federal laws and regulations, Plaintiffs' fracture federal laws and freely substitute words and phrases from interpretive guidelines as if they were laws or substantive regulations. This creates a hodgepodge of distorted "sound bites" that serve to manufacture the particular duty desired.

Under the guise of the authority of these sound bites, Plaintiffs attempt to impose duties on Defendants and to review the micro-management of the state's EPSDT program. Plaintiffs simply cannot freely substitute individual opinions and administrative goals and guidelines as if they were federal laws and regulations to support their § 1983 action. For the procedural methodology required to create Medicaid laws and regulations has been well defined and long established at great effort and expense so as to comply with Constitutional mandates and to facilitate the voluntary formation of the federal/state Medicaid "contract."

It is important to note that the U.S. Department of Health and Human Services and the Health Care Financing Administration (HCFA)--agencies with considerable resources and experience that are responsible for supervising the state's EPSDT program--have not alleged the violations that Plaintiffs assert. Despite this fact, Plaintiffs boldly assert all manner of duties--and, of course, allege violations of these newly created duties--based solely on:
1) opinions, 2) anecdotal stories, 3) random affidavits, 4) conclusory statements, 5) their own self-serving assessment of the state-wide EPSDT program, 6) their own self-serving interpretations of administrative guidelines, and 7) their own free substitution of administrative goals and guidelines for federal laws. For the purposes of this Motion to Dismiss or, in the alternative, Motion for Summary Judgment, it is important to recognize that ***none of these have the force and effect of federal laws and regulations sufficient to sustain Plaintiffs' § 1983 action.*** Defendants are entitled to summary judgment on this issue as a matter of law.

*Who receives "Deference" to HCFA administrative guidelines?*

In wrongfully asserting duties and rights, Plaintiffs' response contends that "even if Defendants are not bound by [HCFA's administrative guidelines published in the *State Medicaid*] *Manual*, ... Courts generally give it deference."[1] Consistent with Plaintiffs' "sound bite" attack, this assertion is not quite accurate.

The courts generally defer to the *responsible administrative agency* when the *agency* is attempting to *enforce* its own interpretation of the law. The courts do not defer to *individuals* attempting to interpret, analyze, enforce and "second-guess" administrative policy. ***In fact, courts do not defer to the responsible agency unless the agency, attempting to enforce its own interpretations of the applicable laws, articulates a position on the question and the position is supported by regulations, rulings or administrative practice.*** *Bowen v. Georgetown University Hospital*, 109 S.Ct.468, 474 (1988).

As indicated above, the duties Plaintiffs wrongfully assert are not imposed by federal laws or regulations. Additionally, the duties Plaintiffs wrongfully assert are not imposed by administrative interpretations of the law unless an administrative agency attempts to enforce its interpretation of the laws and the courts defer to the agency's well-articulated, well-supported position. No such administrative action accompanies the present case.

*The Duty to Inform*

Plaintiffs response addresses the duty to inform imposed by 42 U.S.C. 1396a(a)(43)(A). Plaintiffs assert that this federal law imposes the duty that "Defendants must inform all Medicaid recipients who are eligible for EPSDT about the program."[2] However, a careful reading of the law reveals that the statute does not impose the duty that Plaintiffs assert. For example, 42 U.S.C. 1396a(a)(43)(A) states:

---

[1] Plaintiffs' Response ¶ 7
[2] Plaintiffs' Response ¶ 3

> "§ 1396a
> (a) Contents
> A State plan for medical assistance must---
>
> (43) provide for---
>
> (A) informing all persons in the State who are under the age of 21 and who have been determined to be eligible for medical assistance including services described in section 1396d(a)(4)(B) of this title, of the availability of early and periodic screening, diagnostic, treatment services as described in section 1396d(r) of this title,"

It is apparent under the plain meaning of language rule of statutory interpretation that the duty imposed by this statute is not the same as "must inform all Medicaid recipients who are eligible for EPSDT about the program." Clearly, the statute expresses that the state plan "must provide for informing"--a duty which is quite different from "must inform." Also, the statute expresses that the state plan must provide for informing "all persons who are under the age of 21 and who have been determined to be eligible for medical assistance"-- a duty which is quite different from must inform "all Medicaid recipients who are eligible for EPSDT."

The duties as expressed by the plain meaning of the words of this statute allow for a state plan's flexibility in the informing process and *do not* require that the state plan *guarantee or assure* that *all* persons under the age of 21, or their parents, and who are determined eligible for Medicaid assistance actually have a *working, testable knowledge* of the EPSDT program. It is doubtful that Congress had the intent or the authority to enact a law which mandates that all persons within a segregated group, whose eligibility and membership changes monthly, actually be *informed* and that mandates that states must *prove* the segregated group was actually informed, remains informed, and can articulate and utilize information about a specific subject such as EPSDT. Fortunately, this rigid duty is not imposed or attempted by federal laws or regulations.

Plaintiffs cite *Mitchell v. Johnston*, 701 F.2d 337, 348 (5th Cir.1983)(citing *Stanton v. Bond*, 504 F.2d 1246, 1250 (7th Cir.1974)) for the proposition that ***legislative history*** indicates that states have a "mandatory obligation to aggressively notify, seek out and screen persons under 21." However, *Mitchell* does not stand for the proposition asserted by Plaintiffs in that *Mitchell* did not address the duty to inform. The court in *Mitchell*, reviewed the legislative history of the EPSDT program in order to determine whether the state's ***reduction*** in dental screenings ***complied with*** the duties clearly imposed by federal laws and regulations.

As noted above, the issue of whether the state plan ***complies with*** duties is outside the scope of Defendants' Motion. Rather, the key issue is whether the duties allegedly violated and giving rise to a § 1983 claim are actually imposed on Defendants by federal laws and regulations. It is important to note that even the "aggressive duty to inform" case law interpretations of 42 U.S.C. 1396a(a)(43)(A), cited by Plaintiffs, do not interpret the duty to inform as meaning that the state plan must ***assure or guarantee*** that ***every*** eligible individual has been ***informed, and understands, and remembers at the time he or she is tested, and can utilize*** the provisions of the EPSDT program as Plaintiffs assert. The statutes, the regulations and the case law interpretations of the statutes and regulations, simply do not impose the duty to inform that Plaintiffs allege. Defendants' are entitled to summary judgment on this issue as a matter of law.

### *State Medicaid Manual*

Plaintiffs response continues to rely on provisions and interpretive guidelines of the *State Medicaid Manual*--a publication of the HCFA--as if these provisions had the force and effect of federal laws and regulations sufficient to support their § 1983 claim.[3] They do not.

---

[3]Plaintiffs' Response ¶ 5,6,7,8

An exhaustive dissection of the distinction between interpretive guidelines and substantive rule making is contained in Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment. Relevant portions of this distinction are:

In order for HCFA guidelines to have the force and effect of laws and regulations, the agency must first have the delegated legislative authority. If that condition is satisfied, the agency guidelines must be made "substantive rules." To create "substantive rules" the HCFA must follow rule-making procedures mandated by the Administrative Procedures Act ("APA") 5 U.S.C. § 551 *et. seq.*; *See also Perales, supra.(assurance requirement* was a "substantive" regulation, and thus, department was required to give notice to state prior to enacting *assurance* requirement).

The APA requires that federal agencies provide notice and an opportunity for interested persons to comment on agency rules prior to their promulgation. *See New Jersey v. Department of Health and Human Service,* 670 F.2d 1262, (3rd Cir. 1981). The purpose of the notice and comment procedure is to:

"ensure that unelected administrators, who are not directly accountable to the populace, are forced to justify their quasi-legislative rule making before an informed and skeptical public" *New Jersey, supra.*

In contrast to interpretive rules, substantive rules promulgated by agencies create new law affecting individual rights and obligations. *Morton v. Ruiz,* 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974). Substantive rules create laws and impose general, additional obligations pursuant to properly delegated legislative authority. *Alcaraz v. Block,* 746 F.2d 593, 613 (9th Cir. 1984). The creation of substantive rules imposes an obligation on the state and invokes the notice and comment procedure outlined in the APA, 5 U.S.C. § 551 *et. seq.*

In sum, the APA sets out a safeguard for agency rule-making: 1) If the agency issues an "interpretive" rule it is not required to abide by the notice and comment procedure--but the rule does not have the force and effect of law; 2) If the agency is empowered by the legislature to issue a "substantive" rule, a properly promulgated rule has the force and effect of law --but the agency must first comply with the notice and comment requirements of the APA.

### *How to make a substantive rule out of an administrative guideline*

It is important to note that both HCFA and Plaintiffs' counsel are well schooled in, and have recently participated in, the requisite notice and comment procedure attempting to create substantive rules. For example, in order to specifically address the new EPSDT

requirements set out in Public Law 101-239, a notice and comment procedure to amend the substantive rules pertaining to EPSDT was initiated by HCFA in October, 1993--a notice and comment procedure in which Plaintiffs' counsel participated. HCFA proposed to amend 42 C.F.R. 441.56--the federal regulation which imposes the duty to inform (HCFA's proposal is attached hereto as Exhibit "A"). Relevant exerpts of this proposal include:

> "We would change the title of Sec.441.56 from 'Required activities' to 'Notification requirements' and *would maintain the existing requirements for providing notice to eligible individuals or their families regarding the EPSDT program.*"[4]

The "existing requirements" of § 441.56 state:

> "Required Activities
>
> (a) *Informing*. The agency must--
> (1) Provide for a combination of written and oral method *designed to inform effectively* all EPSDT eligible individuals (or their families) about the EPSDT program.
> (2) Using clear and nontechnical language, provide information about the following...
> (3)*Effectively inform* those individuals who are blind or deaf, or who cannot read or understand the English language.
> (4) Provide *assurance* to HCFA that processes are in place to *effectively inform* individuals as required under this paragraph, generally within 60 days of the individual's initial Medicaid eligibility determination and in the case of families which have not utilized EPSDT services, annually thereafter."
> (Emphasis added)42 C.F.R. § 441.56

Although Plaintiffs' response asserts that § 441.56 is outdated since the enactment of Public Law 101-239 and no longer applies,[5] it is apparent that HCFA very recently and very deliberately chose to *restate* the duty to inform initially imposed by substantive rule § 441.56. Also important is the fact that when this original wording of substantive rule § 441.56 was first proposed, the *flexibility* of the state plan was directly addressed in the requisite notice and comment procedure. For example, the record indicates the following:

> "Comment-- One commenter recommended that the regulation include a specific acknowledgment that those administering the program cannot force its benefits on children over the objections of their parents.

---

[4]Defendants' Exhibit A
[5]Plaintiffs' Response ¶ 4

> Response-- We believe the suggested addition is unnecessary because at various points the regulation underscores the fact that ***participation in EPSDT is voluntary. Screening, other health services, and transportation and scheduling assistance are provided only after the recipient, or recipient's family, requests the services.***"
>
> Comment--One commenter believes it would be helpful for HCFA to provide in regulations additional guidance concerning the requirement to ***"effectively inform."*** ...
>
> Response--In the preamble to the proposed rule we stated that it was our intent to simplify and provide for ***State flexibility*** in the informing requirement while still requiring that States to effectively inform eligibles about EPSDT. To this end, we believe that ***any further detail or specificity beyond that contained in the proposed regulation, along with the change described above to § 441.56 in this final rule is inappropriate.***
>
> ***Effective informing requires States to use methods of communication that recipients can clearly and easily understand to ensure that they have the information they need to utilize fully the services to which they are entitled. The proposed regulations require agencies to provide for a combination of written and oral methods designed to effectively inform all EPSDT eligible individuals (or their families) about the program.***"
>
> (Emphasis added) 49 Fed.Reg. 43654-01

Therefore, it is apparent that the precise issue which Plaintiffs now attempt to resurrect in this case was directly addressed by HCFA in the lawful promulgation of substantive rule § 441.56. Moreover, this issue was reconsidered and reinforced in the October, 1993 proposal and ensuing notice and comment procedure updating the substantive rules on EPSDT.

### *Duties Imposed by Law?*

In a public letter addressed to HCFA (attached hereto as Exhibit "B") dated November 23, 1993, Plaintiffs' counsel, participating in the above-mentioned proposal's notice and comment procedure, requested that HCFA promulgate *new* substantive rules, that is, requested that HCFA *change the existing duties*, and *impose new duties on Defendants in the future*. Confusingly, Plaintiffs' assert in their complaint that these duties exist today. If

these duties exist today and are "binding" on Defendants, then why is Plaintiffs' counsel requesting that these duties be lawfully promulgated in the future by HCFA? For example, in this letter Plaintiffs' counsel states:

> "In addition to requiring EPSDT programs to inform 'effectively' § 441.56(a) should also require EPSDT programs to 'aggressively' reach out to recipients who are eligible....*Bond v. Stanton*, 372 F.Supp. 872 (N.D.Ind.), 504 F.2d 1246 (7th Cir.1974)...
>
> § 441.56(a) should also eliminate the words 'designed to.'...
>
> In addition, the regulations should require states to make extra efforts to inform disadvantaged groups that have special needs for EPSDT services..
>
> Finally, the regulations should clarify that successful EPSDT information programs will result in achievement of annual participation goals. Programs that do not achieve annual participation goals should be required to improve their information activities. ...
>
> The regulations should clarify that the *State Medicaid Manual*'s EPSDT section binds the states except to the extent that the regulations contradict the Manual."

*Conclusion*

In light of the foregoing, it is apparent that the duties boldly asserted by Plaintiffs in their complaint do not currently exist in federal laws or regulations and cannot sustain a § 1983 action. It is apparent that even current federal ***proposals*** for ***future regulations*** do not envision imposing the duties that Plaintiffs assert. In order for these duties to exist in the future, either Congress or the U.S. Department of Health and Human Services must lawfully alter the existing Medicaid laws and regulations. This has not occurred.

It is clear that all parties to this lawsuit desire a 'perfect EPSDT system'--perfect information, perfect understanding by those in our society least able to understand, perfect utilization of services. However, it is not at all clear how a perfect system is created or implemented or measured. There are no manuals issued for such perfection. Without divine guidance, states are allowed flexibility, within the ambit of the federal/state Medicaid

contract, to meet the general duties lawfully and Constitutionally imposed--in order to create a more perfect system.

Although perfection can be a goal, it cannot be mandated--not by Congress, and not by the judiciary. To date, Congress has not attempted to do so.

                Respectfully submitted,

                DAN MORALES
                Attorney General of Texas

                WILL PRYOR
                First Assistant Attorney General

                JORGE VEGA
                Deputy Attorney General for Litigation

                TONI HUNTER
                Chief, General Litigation Division

                EDWIN N. HORNE
                Bar No. 10008000
                Assistant Attorney General
                General Litigation Division
                P.O. Box 12548, Capitol Station
                Austin, Texas 78711-2548
                (512) 463-2120
                (512) 320-0667 FAX

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been sent via certified mail, return receipt requested on January 3, 1994 to:

Susan Finkelstein Zinn
Texas Rural Legal Aid, Inc.
405 N. St. Mary's, Suite 910
San Antonio, Texas 78205

Sharon Reynerson
East Texas Legal Services
15 S.W. First Street, 5th Floor
Paris, Texas 75460

EDWIN N. HORNE
Assistant Attorney General