IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PARIS DIVISION

| | | |
|---|---|---|
| LINDA FREW, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:93CV65 |
| | § | SENIOR JUDGE WILLIAM |
| ALBERT HAWKINS, et al., | § | WAYNE JUSTICE |
| Defendants. | § | |

CORRECTIVE ACTION ORDER:
CASE MANAGEMENT

Decree References:

¶ 248: "EPSDT programs must provide case management to each recipient if needed. Since case management is a service that Medicaid programs may cover, 42 U.S.C. §§1396d(a)(19); 1396n(g), Medicaid programs must cover it for EPSDT recipients if medically necessary. 42 U.S.C. §1396d(r)."

¶ 264: "By January 31, 1996, the parties will complete a case management plan for the EPSDT program. Case management includes arrangements for the child and the family which are needed to meet the child's health care needs. The plan will make sufficient case management available in every county or cluster of counties where few recipients reside…"

¶ 265: "Among other issues, the plan will address methods to encourage the acceptance of case management by recipients and providers…"

¶ 266: "The plan will also address the relationship between case management and managed care organizations. All EPSDT recipients, including those in managed care, are entitled to the full range of case management services when medically needed."

Exhibit 1

¶ 267: "In addition, the plan will address the proper role of case managers. The role is to help recipients to make and effectuate their own choices about their health care and related issues. The role is not to restrict recipients' choices in this realm."

¶ 268: "The plan will also address case management for the children of migrant and seasonal farmworkers and how best to provide case management to that population."

¶ 269: "Finally, the plan will address the coordination of case management services provided by the various agencies that serve EPSDT recipients. Coordination will be achieved in a manner that permits recipients to choose their case managers."

¶ 270: "By September 1, 1996, Defendants will finalize medical case management regulations and implement the program."

See also Decree ¶ 2, 3, 250-63.

Citation for Finding of Decree Violations: *Frew*, 109 F.Supp.2d at 646-654; 401 F. Supp. 2d at 667.

IT IS ORDERED:

• Defendants will provide case management services to all class members who need and want these services.  Defendants will recruit and approve Children and Pregnant Women ("CPW") providers and/or hire and assign staff in numbers sufficient to provide case management services to any class member who has an unmet need, meets eligibility requirements, and wants case management services.

• Defendants will determine and implement effective methods for informing health care providers who serve class members about the availability and benefits of case management. Health care providers must be informed about: how and where to refer patients to the CPW Program for more information or an eligibility determination; and how and where to report

problems with referrals of class members.  Defendants may study and determine effective methods for educating and informing providers as part of the comprehensive study to be conducted under the Outreach and Informing CAP.  Among the methods Defendants may use to inform providers is through coordination with provider groups such as Texas Medical Association and county medical societies.  Evidence that Defendants are effective in informing health care providers about case management services may be reflected in an increase in health care provider referrals for CPW case management.

• The results of the study currently being conducted by Navigant Consulting will be shared with Plaintiffs' counsel within three months of the completion of the Navigant Consulting study. Within twelve months of the completion of the Navigant Consulting study, Defendants will provide a written assessment to Plaintiffs' counsel ("program assessment") detailing the changes made to the case management program in  response to the Navigant Consulting study.  If any case management issues identified in the Consent Decree remain unresolved at that time, Plaintiffs' counsel will, within two months of receipt of the program assessment, notify Defendants of Plaintiffs' request for an independent, external evaluation of the remaining unanswered questions regarding the case management program ("Case Management Study").

• If Plaintiffs request a Case Management Study, Defendants will contract for an independent, external study of  any or all of the following topics, to the extent they remain unresolved following the Navigant Consulting study: 1) a statistically valid estimate of the number and percent of class members who have an unmet need, meet eligibility requirements, and want CPW case management; 2) whether there are barriers that prevent class members who need CPW case management from getting it and, if so, what they are; 3) whether there are barriers that prevent class members from getting enough CPW case management to fully meet their needs, and, if so,

what they are; 4) whether there are barriers that prevent enrollment of CPW case managers, and, if so, what they are; 5) whether there are barriers that prevent continued participation of CPW case managers, and, if so, what they are; and 6) methods to address inappropriate use and potential duplication of case management services without depriving class members of the full extent of case management that they need.

• Defendants will arrange for this study as expeditiously as possible while complying with state and federal law concerning contracts of this type. The study will use professionally valid methods of assessment. The Request for Proposal ("RFP") specifications will include parameters for prospective independent evaluators to use in proposing independent, unbiased, and statistically valid methodologies to conduct the study described in this Corrective Action Order. If this study is to be done, Defendants will attempt to retain the Institute for Child Health Policy (ICHP) to assist in the preparation of a draft RFP for an independent evaluator to conduct the study.

• The specifications will emphasize the independence of the evaluator in assessing the areas of study described in this Corrective Action Order. The independent evaluator should have demonstrated expertise in the particular area of study as evidenced by published studies by either the research teams/organization or principal investigator in peer refereed journals. Defendants will assure that the study RFP and other solicitation documents (including Requests for Information, if any) are provided to Plaintiffs' counsel in draft form for review and comment. Plaintiffs' counsel will execute non-disclosure certifications prior to receipt of non-public procurement-related materials and will likewise sign conflict of interest statements of the type required of project and management personnel under agency policy and state law. Should Plaintiffs wish to utilize consultants to review any documentation, the consultants will also

execute non-disclosure and conflicts statements prior to receipt of the non-public procurement-related materials. Any consultant to whom Plaintiffs' counsel provide copies of non-public procurement-related materials will be prohibited from responding to any RFP for which they have assisted Plaintiffs. Plaintiffs must provide comments to the solicitation documents within fifteen business days of the transmission of the document(s). Defendants may accept or reject suggestions. After Defendants respond to Plaintiffs' comments about the draft RFP and other solicitation documents, Plaintiffs will have ten days to indicate whether they agree that the RFP meets the requirements of this Order. If they agree it does, they may offer suggestions. Defendants may accept or reject the suggestions. If the parties cannot agree on whether the RFP meets the requirements of this Order, the dispute will be resolved by the Court upon motion to be filed by either party.

• Defendants will conduct any procurement for independent evaluation services on a competitive basis in accordance with state and federal requirements and Defendants' policies regarding competitive procurements. Defendants will be responsible for reviewing the qualifications of all prospective evaluators, evaluating all proposals, and selecting the best qualified evaluator or evaluators whose proposal(s) best meet the requirements of the RFP and supply best value. Plaintiffs may review and comment on all proposals that Defendants receive, but Defendants will make the selection.

• Defendants will provide all required information to the independent evaluator(s) on a timely basis, in usable form, and in a manner that protects the privacy of class members and confidentiality of information in compliance with state and federal law, cooperate with the independent evaluator(s) and make timely payment to them for services properly and timely rendered, as required by the Court's order or Defendants' agreement with the evaluator(s).

*No. 3:93CV65 ~ Frew vs. Hawkins*

Defendants will establish a table of contract deliverables in the RFP.  Defendants will provide Plaintiffs' counsel with copies of each deliverable within ten business days.  If Plaintiffs' counsel have comments or questions on contract deliverables, then those comment or questions must be received by Defendants within fifteen business days of the date of transmission of the contract deliverable to Plaintiffs' counsel.  Completed evaluations will be provided to the Court as completed by the evaluator(s), without editing or changes by Plaintiffs' counsel, Defendants or Defendants' counsel, or anyone acting on their behalf.

• Within three months of completion of the first Case Management Study, Defendants will present to Plaintiffs a proposal to address any issues identified in the study that necessitate corrective action and are within the scope of Defendants' obligations under the Consent Decree. Plaintiffs' counsel will have an opportunity to present proposals for the corrective action plan.  If the parties cannot agree on a corrective action plan within 90 days of Plaintiffs' receipt of Defendants' corrective action plan proposal, the Court will resolve the dispute by motion filed by either party.  Once the terms of the corrective action plan are determined, Defendants will implement them as expeditiously as possible while complying with all state and federal laws concerning any actions the corrective action plans require.

• If any case management issues identified in the Consent Decree remain unresolved after completion of the first Case Management Study and subsequent corrective action plan, Defendants will conduct a second study of the case management program, with an emphasis on examining the effectiveness of the new corrective action plan.  Arrangements for and the conduct of the second study will be according to the procedures described above.  Defendants will present the results of their second study to the Court and to Plaintiffs no later than 36 months after completion of the first report.

• Defendants will report quarterly and annual data about the number and percent of class members who receive case management in Texas and in each county. Reports will include number and percent of class members who receive targeted forms of case management (such as for the blind, mental health/mental retardation clients, etc.) and separate numbers and percents of class members who receive CPW case management.  Reports will begin within six months of entry of the corrective action plan Order, and will be included in Defendants' regular quarterly reports to the Court.

• When the required studies are complete, counsel will confer to determine what further action, if any, is required.  Counsel will begin to confer no later than 30 days following completion of the required studies ("completion").  If the parties agree, they will so report to the Court within 120 days of completion. If the parties cannot agree within 90 days of completion, the dispute will be resolved by the Court.  If the parties cannot agree, either party may file a motion within 30 days of completion of discussions among counsel.