IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PARIS DIVISION

| | | |
|---|---|---|
| LINDA FREW, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:93CV65 |
| | § | SENIOR JUDGE WILLIAM |
| ALBERT HAWKINS, et al., | § | WAYNE JUSTICE |
| Defendants. | § | |

CORRECTIVE ACTION ORDER:
HEALTH OUTCOMES MEASURES AND DENTAL ASSESSMENT

Decree References:

¶ 288: "…the EPSDT program will measure several indicators of the health of the EPSDT population. These health outcome indicators will serve as a proxy to measure whether recipients receive the full range of services that they need and are entitled to receive."

¶ 289: "The parties will together choose health outcomes indicators…. that … measure important aspects of the population's health. In addition, the indicators will be diverse enough to gauge the health of the entire EPSDT population, not merely factions of the population."

¶ 293: "…The parties will develop a list of health outcome indicators by September 1, 1995. The list will include about 12 indicators. The parties may agree to change, add or delete indicators."

¶ 294: The parties will further agree on a target goal for each health outcome indicator…."

¶ 295: "Defendants will report the best available information on each health indicator annually, beginning on September 1, 1996 and continuing through 1999. The EPSDT program will arrange for studies to evaluate the health of the EPSDT population, including each health outcome indicator. Defendants will present their proposed methodology for Plaintiffs' approval by April 1, 1996. Plaintiffs will not unreasonably withhold approval. If they approve, Plaintiffs may make suggestions. Defendants may accept or reject the suggestions."

Exhibit 4

¶ 296: "If reported results do not achieve the goal for each indicator, Defendants will develop corrective action plans to address all matters within Defendants' control to improve results for each indicator. Defendants will present their corrective action plans for Plaintiffs' review and comment by January 30 each year. Defendants will not unreasonably reject Plaintiffs' suggestions."

¶ 173 "…Defendants will report on dental health outcomes in the EPSDT population…"

¶ 174 "…By March 1, 1996, Defendants will arrange for a study to assess the dental health of the EPSDT population. The study will assess changes over time. At a minimum, the study will evaluate improvements in the number and percent of recipients who 1) have no cavities, 2) have no untreated cavities and 3) require hospital treatment for dental problems. The method will be subject to Plaintiffs' approval…"

See also Decree ¶¶ 3, 9, 143-45, 191, 199, 286-87, 290-92, 298-99.

Citation for Finding of Decree Violation: *Frew*, 109 F.Supp.2d at 603, n. 40; 654-58.

IT IS ORDERED:

• Health Outcomes Measures: Within four months of entry of the corrective action plan Order, Defendants will present to Plaintiffs about 12 proposed outcome indicators that meet the decree's requirements to be used as measures of the health of the EPSDT population and a proposed study methodology. Within 30 days of Defendants' proposal of the proposed outcome indicators, counsel will confer to determine if they agree about the proposal. Plaintiffs will indicate whether they agree that the proposed methodology is professional and valid, and whether it complies with Decree paragraphs 286-295. They may also offer suggestions, which Defendants may accept or reject. Defendants will report on the outcome indicators and study methodology in the next quarterly report issued after the methodology has been determined. If the parties cannot agree on

outcome indicators and/or study methodology within 90 days of Plaintiffs' receipt of Defendants' proposals, the dispute will be resolved by the Court upon motion to be filed by either party.

• Defendants will conduct a study to evaluate the health of the EPSDT population, including each health outcome indicator. Defendants will present the results of the first outcome indicators study to the Court and to Plaintiffs no later than eighteen months after the parties agree to a study methodology.

• Within four months of completion of the first outcome indicators study, Defendants will present a corrective action plan and outcome indicator goals to Plaintiffs. The outcome indicators corrective action plan will address ways in which to achieve the targeted goals for each indicator. Plaintiffs' counsel will have two months to respond and offer suggestions to the proposed outcome indicators corrective action plan. Defendants may not unreasonably reject Plaintiffs' suggestions. Once the terms of the corrective action plan are determined, Defendants will implement them as expeditiously as possible while complying with all state and federal laws concerning any actions the corrective action plans require.

• Defendants will conduct a second outcome indicators study, beginning within eighteen months of the date on which the parties agree to the terms of the outcome indicators corrective action plan. The second study will look at selected outcome measures, to be determined by counsel for both parties, with emphasis on examining the effectiveness of the new corrective action plan. Defendants will present the results of their second outcome indicators study to the Court and to Plaintiffs no later than eighteen months after the parties agree to a study methodology for the second outcome indicators study. The second study will be prepared according to the procedures stated above, unless the parties agree otherwise.

• When the two outcome indicator studies are complete, counsel will confer to determine what further action, if any, is required. Counsel will begin to confer no later than 30 days following completion of the second study.  If the parties agree, they will so report to the Court within 120 days of completion of the second study.  If the parties cannot agree within 90 days of completion of the second study, the dispute will be resolved by the Court upon motion to be filed by either party.  If the parties cannot agree, either party will file its motion within 30 days of completion of discussions among counsel.

• Dental Assessment: Within four months of entry of the corrective action plan Order, Defendants will propose plans for a professional and valid dental study that assesses class members' dental health. It will include at least the evaluation of the number and percent of recipients who: 1) have no history of cavities; 2) have untreated cavities; 3) require urgent dental care for pain, infection or bleeding; and 4)  require dental care that may potentially include either inpatient hospitalization or outpatient treatment under general anesthesia. At Defendants' option, Defendants may decide that the Texas Department of State Health Services ("DSHS"), the State Dental Director and DSHS's regional dentists will conduct the study, as long as it is professionally and validly designed and conducted.  The evaluation will determine reasons why inpatient hospitalization or outpatient treatment under general anesthesia may be necessary, including such factors as disability or compromising medical condition.   The dental study will differentiate between class members who have been enrolled in Medicaid in Texas for less than 12 continuous months and those who have been enrolled in Medicaid in Texas for more than 12 continuous months.

• Plaintiffs will respond to Defendants' dental study proposal within two months of receiving it. Plaintiffs will indicate whether they agree that the proposed methodology is professional and

valid, and whether it complies with Decree paragraphs 173 and 174. They may also offer suggestions, which Defendants may accept or reject. Defendants will report on the study methodology in the next quarterly report issued after the methodology has been determined.

• Defendants will conduct a study to evaluate the dental health of the EPSDT population. Defendants will present the results of their first dental study to the Court and to Plaintiffs no later than eighteen months after the parties agree to a study methodology.

• Within four months of completion of the first dental study, Defendants will present a dental corrective action plan to Plaintiffs. Plaintiffs' counsel will have two months to respond and offer suggestions to the proposed dental corrective action plan. Defendants may not unreasonably reject Plaintiffs' suggestions. Once the terms of the corrective action plan are determined, Defendants will implement them as expeditiously as possible while complying with all state and federal laws concerning any actions the corrective action plans require.

• Defendants will conduct a second dental study, beginning within 36 months of the date on which the parties agree to the terms of the dental corrective action plan. The second study will look at selected dental measures, to be determined by counsel for both parties, with emphasis on examining the effectiveness of the new dental corrective action plan and changes in class members' dental health since the first study. Defendants will present the results of their second dental study to the Court and to Plaintiffs no later than eighteen months after the parties agree to a study methodology for the second dental study. The second study will be prepared according to the procedures stated above, unless the parties agree otherwise.

• When the two dental studies are complete, counsel will confer to determine what further action, if any, is required. Counsel will begin to confer no later than 30 days following completion of the second study. If the parties agree, they will so report to the Court within 120

days of completion of the second study. If the parties cannot agree within 90 days of completion

of the study, the dispute will be resolved by the Court upon motion to be filed by either party.  If

the parties cannot agree, either party will file their motion within 30 days of completion of

discussions among counsel.