IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PARIS DIVISION

| | | |
|---|---|---|
| LINDA FREW, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:93CV65 |
| | § | SENIOR JUDGE WILLIAM |
| ALBERT HAWKINS, et al., | § | WAYNE JUSTICE |
| Defendants. | § | |

CORRECTIVE ACTION ORDER:
ADEQUATE SUPPLY OF HEALTH CARE PROVIDERS

Decree References:

¶ 2: "EPSDT is intended to provide comprehensive, timely and cost effective health services to indigent children and teenagers who qualify for Medicaid benefits. Check ups are the cornerstone of the program. They assess recipients' health, provide preventive care and counseling (anticipatory guidance) and make referrals for other needed diagnosis and treatment. 42 U.S.C. §§1396a(a)(43); 1396d(r). Recipients are entitled to both medical and dental check ups on a regular schedule."

¶ 3: "Recipients are also entitled to all needed follow up health care services that are permitted by federal Medicaid law. 42 U.S.C. §1396d(r)."

¶ 88: "An adequate corps of capable providers is necessary to provide recipients with adequate access to needed services…"

¶ 93: "Defendants will maintain updated lists of providers who serve EPSDT recipients. The lists will specify practitioners' practice limitations, if any…"

¶143: "Defendants must provide periodic dental check ups and needed dental services to relieve pain, restore teeth and maintain dental health for EPSDT recipients. 42U.S.C. §1396d(r)(3)…."

*No. 3:93CV65 ~ Frew vs. Hawkins*
Corrective Action Order:  Provider Supply

Page 1 of 7

Exhibit 8

¶190: "EPSDT recipients served by managed care organizations are entitled to timely receipt of the full range of EPSDT services, including but not limited to medical and dental check ups."

¶197: "TDH will assure by various means that managed care organizations have an adequate supply of appropriate providers who can serve EPSDT recipients (including specialists) located conveniently so that recipients do not face unreasonable 1) delay scheduling appointments, 2) delay waiting for appointments once at the office or 3) travel times to get to the office…"

See also Decree ¶¶ 75-87, 89-92, 94-103, 144-69.

Citation for Finding of Decree Violation: *Frew,* 109 F.Supp.2d at 600-11; 626-31; 401 F. Supp.2d at 641; 642, n.32; 656-57; 667; 678-83.

IT IS ORDERED:

. Care will be provided by an appropriate provider within Defendants' managed care distance standards ("distance standards") unless a provider of the appropriate type is not located that close to the class member's home. For example, some types of sophisticated health care are only provided at large medical centers in major cities, so they simply are not available locally to anyone in sparsely populated areas.  Within managed care, Defendants will ensure that the supply of primary care providers (PCPs) enrolled in each Managed Care Organization ("MCO") and within Primary Care Case Management ("PCCM") is adequate to allow class members to choose among at least two PCPs appropriate to meet the class members' needs.

• This Order relies on the timeliness and distance standards in Defendants' current managed care contracts. Defendants may change these standards only if new standards are more favorable to class members. Defendants will not change these standards so that they require class members to travel longer distances or wait longer for appointments than is now true under Defendants' current contracts. The current standards require that the MCO must ensure that all members have

access to an age-appropriate PCP in the provider network with an open panel within 30 miles of the member's residence, that all members have access to an outpatient Behavioral Health Service provider in the network within 75 miles of the member's residence, and that all members have access to a network specialist physician within 75 miles of the member's residence for common medical specialties, which, for child members, shall include orthopedics and otolaryngology.

• When class members call Defendants or their contractors (including but not limited to the Texas Health Steps ("THSteps") toll free number, MCOs, PCCM) for help finding a doctor, dentist, case manager or other provider of health care services, whenever possible the caller will be given the names of at least two providers of the appropriate type who are accepting new Medicaid patients of the relevant age at the time of the call, within the timeliness and distance standards required by this Order.

• Defendants will comply with federal law concerning the availability of a choice of at least two MCOs  in those areas of the state that are served by MCOs.  In areas of the state served by PCCM there will be a choice of at least two PCPs.   It is understood that federal law allows for short periods in which only one MCO is available in a service delivery area when, for instance, one of the two MCOs in the area is the subject of an enrollment freeze sanction or termination. Similarly, within PCCM, it is understood that in some rural areas of the state there may be only one PCP available.  Apart from any pertinent rules pertaining to the Medical Transportation Program, nothing herein will prevent class members or their families from choosing to receive information about or assistance making an appointment with a provider at a greater distance than that specified in this plan.

• Defendants' and their contractors' payment policies for all providers who serve class members will be consistent with currently accepted professional standards and practices. These policies

will require coverage of all medically and dentally necessary health care services provided to class members. Payment levels will be sufficient to attract enough providers to serve the class, and comply with the Decree and this Order with respect to all class members, whether or not they are enrolled in managed care.   In the 2008-09 biennium,[1] for services provided to class members: a) reimbursement rates for dental providers will be increased to 50% above the SFY2006-07 reimbursement rate levels;  and b) reimbursement rates for physicians and other professionals will be increased to 25% above SFY 2006-07 levels.  Furthermore, another $50 million will be applied toward additional reimbursement increases for specialists who treat class members.   No later than September 1, 2007, Defendants and their contractors will adjust provider payment levels as needed to assure compliance with this Corrective Action Order and with the Decree.  An additional $150 million will be applied toward strategic initiatives to improve class members' access to services.[2]  By July 23, 2007,  the parties will begin to confer to determine if they agree on an approach to the use of the strategic initiative funds.  Defendants will report on the status of the strategic initiatives in each quarterly report to the Court including an approximation of the number of class members served.  A more detailed report will be provided annually in the July quarterly report.

• Defendants will make readily available to all providers who serve class members complete, accurate and up to date information about which providers of health care services in each geographic area are accepting new Medicaid-covered patients. The information for each will include: a)  type of provider (e.g., general dentist, family medicine physician, pediatric neurologist, physical therapist, case manager); b) with which Medicaid managed care

---

[1] This Order does not address what reimbursement rates will be needed for future years after the 2008-09 biennium.
[2] All dollar amounts referenced herein are phrased in terms of general revenues.  The total amount to be spent in the biennium will be substantially larger because of the addition of matching federal funds.

*No. 3:93CV65 ~ Frew vs. Hawkins*

Corrective Action Order:  Provider Supply                                           Page 4 of 7

organizations the provider has contracted; c) whether the provider participates in fee for service

Medicaid;  and d) practice limitations such as age range of patients accepted.

• By Fall 2007, Defendants will initiate their new web-based Provider Look Up system.

Defendants expect that the new system will improve the accuracy of their information about

Medicaid-enrolled health care providers of all types, because to be able to use the system,

providers will be required to update important information on a regular basis.  Defendants will

use their best efforts to ensure the accuracy of lists of enrolled health care providers in managed

care (HMO and PCCM) and fee for service. "Accurate" means that the lists provide accurate and

up to date information about each enrolled health care provider, as follows: a) name, b) address,

c) telephone number, d) nature of practice (pediatrician, general dentist, pediatric cardiologist,

etc.), e) language(s) spoken other than English, f) whether the provider is accepting new patients

and any limits on new patients accepted, such as lengthy waits for a first appointment, and g)

practice limitations (only newborns, only teens, etc.). Defendants will be able to provide accurate

information by specialty and location (for example, endodontists in the Dallas area; pediatricians

in Houston, case managers in Region 1). Defendants will use their best efforts to ensure that only

accurate information about enrolled health care providers is provided to class members, whether

the information is provided by Defendants or by their contractors. Defendants will also use their

best efforts to ensure that only accurate information is available by telephone, in writing and on

an easy-to-use website for the use of health care providers who serve class members.

• Every other year Defendants will conduct a "major assessment" of its Medicaid Provider Base.

The assessment will include: a) all of those provider types that provide services to class

members; b) for each provider type, the number and percent of providers who are "available" to

class members; c) for each provider type, the number and percent of providers who have

provided any service to any class member; and d) for each provider type, the number of providers who are enrolled in Medicaid but have not provided any services to class members. In this assessment, Defendants will review the six months immediately preceding the start date of the assessment. If the major assessment identifies a shortage in any geographic area of any provider type(s) that provide services to class members, Defendants will develop a plan to address the shortage. The first major assessment will be completed no later than May 2008. The second major assessment will be completed within 24 months of the first major assessment.

- In the interim years, Defendants will conduct an "interim assessment" of the sufficiency of its "available" Medicaid Provider Base. The assessment will include the PCPs for class members, pediatricians, general dentists for class members, orthodontists, psychiatrists for class members, and psychologists for class members. If the interim assessment identifies a shortage of providers of any of these types in geographic areas of the state, Defendants will develop a plan to address the shortage. The interim assessments will be completed no later than 12 months after completion of the major assessments.

- For the purpose of the "major" and "interim" assessments, "available" means a health care provider who has provided at least one service to at least one new class member in the six months immediately preceding the start date of the assessment. Furthermore, for the purpose of these assessments, Defendants will independently assess whether health care providers are providing services to: a) new class members, and b) any class members. Defendants will not merely accept information on these topics from their contractors.

- At their option, Defendants' Research and Evaluation staff may complete the major and interim assessments.

*No. 3:93CV65 ~ Frew vs. Hawkins*
Corrective Action Order: Provider Supply                                                                 Page 6 of 7

- Defendants receive monthly reports about the status of the supply of providers from their PCCM administrator and each of the MCOs.   Defendants also compile semi annual reports of the adequacy of provider supplies in PCCM and each MCO by service delivery area. Defendants will provide these reports and information about corrective action plans, if any, in their January and July quarterly reports to the Court.

- After Defendants complete two  major assessments, and two interim assessments, counsel will confer to determine what, if any, further action is required. Counsel will begin to confer no later than 30 days following completion of the second  interim study ("completion"). If the parties agree, they will so report to the Court within 120 days of completion. If the parties cannot agree within 90 days, the dispute will be resolved by the Court upon motion to be filed by either party. If the parties cannot agree, either party may file its motion within 30 days of completion of discussions among counsel.